UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD ALLEN SMITH, SR.,

      Plaintiff,

v.

WASHTENAW COUNTY SHERIFF'S
DEPARTMENT

      Defendant.
_____/

Case No. 2:25-cv-10568
District Judge Mark A. Goldsmith
Magistrate Judge Anthony P. Patti

**OMNIBUS ORDER**

**REGARDING EX PARTE COMMUNICATIONS AND RENAMING PURPORTED "ORDER" FILED ON THE DOCKET (ECF No. 46)**

Plaintiff, *in pro per*, has recently filed a document he titled as "ORDER GRANTING DEFENDANT'S MOTION TO DISMISS, NOTING VOLUNTARY DISMISSAL OF OTHER CASES, AND CERTIFYING QUESTION TO THE U.S. SUPREME COURT" through the *pro se* upload portal. (ECF No. 46.)   It purports to be an actual order of this Court, allegedly signed by the District Judge assigned to this matter, Hon. Mark A. Goldsmith.  Interestingly, *inter alia*, it also purports to deny several of Plaintiff's own pending motions − including his three motions to strike (ECF Nos. 25, 26 & 33), his four motions for default (ECF Nos. 17, 18, 22 & 32), and his two motions to review the Clerk's denial (ECF Nos. 24 &

35) − and to grant Defendant's motion to dismiss the case (ECF No. 14), giving leave to the plaintiff to amend his complaint "within 30 days to address the deficiencies noted herein." (*Id*., PageID.160.)  While much of the "Order" is hard to follow, it also makes note of Plaintiff's desire to "voluntarily dismiss" and indeed "directs" Plaintiff to dismiss cases against defendants that are not named in this matter or apparently even before this Court, *e.g*., " Richard Smith v. Sisters of Charity (Erie County, New York) and Richard Smith v. Michigan Medicine Board of Regents (Michigan) … Erie County Supreme Court and Michigan Workers' Disability Compensation Agency)." (*Id*.)   The purported order also "certified" the case to the Sixth Circuit "for mandatory drug tests for interlocutory appeal" with a "recommendation for Supreme Court review." (ECF No. 46, PageID.160.) However, and to be clear to the public and to Defendant, **THE COURT DID NOT ISSUE THIS "ORDER."**  While perhaps Plaintiff may have intended this as a *proposed order*, such proposed orders must be clearly designated as just that, "Proposed," and they must be submitted either in paper to the Clerk's Office or through the CM-ECF "Utilities" function, so that they do not wind up on the docket of the Court. See *Electronic Filing Policies and Procedures*, R. 12.  The opposing side also needs to be made aware of the submission.

The "order" was later amended by Plaintiff, twice, (ECF Nos. 47 & 48), for Plaintiff to clarify that the "mock order was not an official court ruling but a

hypothetical exercise to evaluate possible judicial responses to the Plaintiff's claims, including his allegations of harassment by radio frequency (RF) and microwave transmissions, hacking, violations of his Second Amendment rights under 18 U.S.C. § 922(g)(3), and related legal arguments." (ECF No. 47, PageID.162.)  In the amendments, Plaintiff expresses his "intent" to continue litigating this case. (ECF Nos. 47 & 48.)

    The Court does not permit "hypothetical exercises" to be filed on its docket, and its Local Rules and the Federal Rules of Civil Procedure are quite clear about what limited documents may be filed with the Court for inclusion on the docket. While the Court was initially inclined to strike the purported "order," and the subsequent "amendments," the Court will allow them to stand for the sole purpose of having a complete record of the Plaintiff's misuse of the *pro se* portal on CM/ECF.  However, the Clerk is **HEREBY DIRECTED** to rename ECF No. 46 as "Plaintiff's Proposed Order," rather than "Document titled Order," for clarity's sake.  <u>Any further proposed orders or documents that are filed on the docket purporting to be an order, but which have not, in fact, been issued by the Court itself, shall be stricken</u>.

    More disturbingly, Plaintiff has begun attempting to communicate *ex parte* with the assigned judges in this case, as well as with several other people, both identifiable (*e.g.*, the judicial attorney for Washtenaw County Probate Judge Julia

B. Owdziej) and unidentifiable.  The Undersigned and Judge Goldsmith have received five of these emails within the last week. Such direct communications with judicial officers **is STRICTLY PROHIBITED AND MUST CEASE IMMEDIATELY**.  <u>The Court will not respond to emails or other direct communications from parties</u>.  Furthermore, none of the communications in question appear to have been copied to Defendant's attorney, making them *ex parte* communications, which are also prohibited.  Defendant has a right to be made aware of all communications with the Court by its opponent.  Accordingly, with email addresses redacted for privacy purposes, the Court will scan these five emails onto the docket in the near future, both to give Defendant proper notice and to document the inappropriate contact.

        **IT IS SO ORDERED.**

Dated:  July 31, 2025

                                                  Anthony P. Patti
                                                  UNITED STATES MAGISTRATE JUDGE