UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD ALLEN SMITH, SR.,

                  Plaintiffs,                    Case No. 25-cv-10568
                                                    District Judge Mark A. Goldsmith
v.                                     Magistrate Judge Anthony P. Patti

WASHTENAW COUNTY SHERIFF'S
DEPARTMENT,

                  Defendant.

_____/

## ORDER DENYING ALL OF PLAINTIFF'S PENDING MOTIONS (ECF Nos. 22, 24, 25, 26, 30, 32, 33, 34, 35, 37) AND REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTION TO DISMISS (ECF No. 14)

### I. RECOMMENDATION and ORDER:

For the reasons stated below, all of Plaintiff's pending motions (ECF Nos.

22, 24, 25, 26, 30, 32, 33, 34, 35, 37) are without merit and are hereby **DENIED.**

Further, the Court should **GRANT** Defendant's motion to dismiss (ECF No.

21.)

### II.  REPORT:

### A. Background

Plaintiff Richard Allen Smith, Sr., initiated this action *pro se* against

Washtenaw County Sheriff's Department on February 28, 2025.  (ECF No. 1.)

His application to proceed without prepaying fees or costs (ECF No. 6) was

granted by Judge Mark A. Goldsmith on April 30, 2025. (ECF No. 8.) Defendant

filed a motion to dismiss on June 25, 2025 (ECF No. 14), and Judge Goldsmith

referred the case to me the next day "for all pretrial proceedings, including a

hearing and determination of all non−dispositive matters pursuant to 28 U.S.C. §

636(b)(1)(A) and/or a report and recommendation on all dispositive matters

pursuant to 28 U.S.C. § 636(b)(1)(B)." (ECF No. 15.)

### B. Standard

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), courts

must "construe the complaint in the light most favorable to the plaintiff and accept

all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012).

"To survive a motion to dismiss, a complaint must contain sufficient factual

matter, accepted as true, to state a claim to relief that is plausible on its face."

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted); *see also*

*Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible

claim need not contain "detailed factual allegations" but must contain more than

"labels and conclusions" or a "formulaic recitation of the elements of a cause of

action"). Facial plausibility is established "when the plaintiff pleads factual

content that allows the court to draw the reasonable inference that the defendant is

liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "The plausibility of an

inference depends on a host of considerations, including common sense and the

strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd. P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 504 (6th Cir. 2013).

## C. Analysis

In his complaint, Plaintiff asserts that his second amendment rights were violated when he attempted to purchase a firearm in Genessee County on October 23, 2024 and was refused. (ECF No. 1, PageID.4.) He claims that he submitted fingerprints to the Federal Bureau of Investigation, and was denied a firearm due to his "Medical [Marijuana] License" which had expired in September 2024, a month before the attempted purchase. (*Id.*) Although the purchase was attempted in Genessee County, he asserts—without explanation—that "Washtenaw County Sheriff's Department was the reason for [the] false denial." (*Id.*)

Plaintiff asks to be awarded 5 million dollars for his pain and suffering. He also asks that his "2nd Amendment rights be resorted," a civil rights investigation into Washtenaw County Sheriff's and Prosecutors office due to his rights being violated, and that he be given "federal immunity from any investigation from Washtenaw County Sheriff's department." (ECF No. 1, PageID.5.)

Defendant moves to dismiss for several reasons.

### 1. Federal Rule of Civil Procedure 12(b)(6)

3

First, Defendant argues that Plaintiff's complaint fails to state a claim on which relief can be granted under Federal Rule of Civil Procedure 12(b)(6). The Court should agree.

Pleadings and motions are governed by Fed. Rules Civ. P. 7 to 16. A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). As the Supreme Court has instructed:

> Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." As the Court held in *[Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)], the pleading standard Rule 8 announces does not require "detailed factual allegations," but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation. . . . A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement."

*Ashcroft v. Iqbal*, 556 U.S. 662, 677-678 (2009) (internal citations omitted). The Supreme Court further stated:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

4

*Iqbal*, 556 U.S. at 678 (internal citations omitted).

"The goal of the complaint is to 'give the defendant fair notice of what the . . . . claim is and the grounds upon which it rests.'" *Bommarito v. Equifax Information Serv's*, 340 F.R.D. 566 (E.D. Mich. 2022) *(quoting Bell Atlantic Corp. v. Twombl*y, 550 U.S. 544, 555 (2007)) (further internal citations omitted). "[B]are-bones legal conclusions surrounded by 'threadbare recitals of the elements of a cause of action' cannot survive a motion to dismiss." *Moralez v. Moore*, No. 17-10567, 2018 WL 1406842, at *4 (E.D. Mich. Mar. 21, 2018) (Michelson, J.) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

This is particularly true where, as here, Plaintiff brings his claim under 42 U.S.C. § 1983, which requires allegations of personal involvement. "When suing an individual actor . . . for constitutional violations under § 1983, a plaintiff must demonstrate that the actor 'directly participated' in the alleged misconduct, at least by encouraging, implicitly authorizing, approving or knowingly acquiescing in the misconduct, if not carrying it out himself." *Flagg v. City of Detroit*, 715 F.3d 165, 174 (6ᵗʰ Cir. 2013). "[I]t is particularly important in such circumstances that the complaint make clear exactly who is alleged to have done what to whom, to provide each individual with fair notice as to the basis of the claims against him or her, as distinguished from collective allegations against the state." *Jack-Bey v. Michigan Dep't of Corr.*, No. 1:13CV131, 2014 WL 1255910, at *5 (W.D. Mich.

Mar. 26, 2014) (*quoting Robbins v. Oklahoma*, 519 F.3d 1242, 1250 (10th Cir. 2008) (emphasis omitted)).

Plaintiff fails to meet these standards.  His complaint alleges, in totality, that he attempted to purchase a firearm in Genessee County at an unspecified location, he was refused due to a medical marijuana license which had expired the previous month, and Washtenaw County Sheriff's Office is somehow at fault.  There is no explanation of how Defendant Washtenaw County would be responsible for a firearm refusal in a different county, nor can the Court conceive of any.  There is no explanation for the circumstances surrounding the denial of a firearm purchase. It is not enough to say "Defendant is responsible for the violation of my 2nd Amendment right" without providing any support for the conclusory allegation. Because Plaintiff's bare-bones allegations fail to state a claim on which relief can be granted, Defendant's motion should be granted.

### 2.  Claims against the Sheriff's Department

Defendant also seeks dismissal because Plaintiff has sued an entity that is not amenable to suit.  The Court should agree.

Under established law, sheriff's departments in Michigan are divisions of the county and not separate legal entities capable of being sued.  *North v. Macomb Cnty.*, No. 10-11377, 2011 WL 4576848, at *2 (E.D. Mich. Sept. 30, 2011) (Cook, J.) (citing *Boykin v. Van Buren Twp.*, 479 F.3d 444, 450 (6th Cir. 2007) (rejecting

claim raised against township police department, which was subsumed within township itself for purposes of establishing municipal liability); *Rhodes v. McDannel*, 945 F.2d 117, 120 (6th Cir. 1991) (reciting same rule for county sheriff); *Watson v. Gill*, 40 F. App'x 88, 89 (6th Cir. 2002) (noting that county jail is not entity susceptible to lawsuit, and treating plaintiff's § 1983 claim as cause of action against county)). Incidentally, it is worth noting, since Plaintiff mentions the Washtenaw County Prosecutor's Office in his complaint (without naming it as a defendant), that the same rule prohibits § 1983 claims against a county prosecutor's office. "Courts routinely hold that in Michigan, county prosecutor's offices are not legal entities capable of being sued." *Miller v. Michigan Dep't of Att'y Gen., No.* 21-10990, 2021 WL 4479699, at *4 (E.D. Mich. Sept. 30, 2021) (Roberts, J.) (citing *Nouri v. TCF Bank*, No. 10-12436, 2011 WL 836764, at *13 (E.D. Mich. Mar. 9, 2011) ("The Court agrees that a county prosecutor's office is not an entity subject to suit under § 1983 and the Court shall therefore dismiss the Oakland County Prosecutor's Office from this action." (citations omitted)); *Schleiger v. Gratiot Cty. Prosecutor's Office*, No. 11-13380, 2011 WL 7006407, at *2 (E.D. Mich. Nov. 30, 2011) (collecting cases)).

Thus, even if Plaintiff had stated a claim on which relief could be granted, and even if Washtenaw County could somehow be held liable for the events that occurred in Genessee County, Plaintiff has nonetheless sued the wrong entity, as

the Sheriff's Department is not amenable to suit.  The Court should therefore grant

Defendant's motion on this basis as well.

### 3.  Plaintiff's Response

In his response, Plaintiff argues that he should be allowed to amend his

complaint to add Washtenaw County instead of Washtenaw County Sheriff's

Office.  (ECF No. 39, PageID.126.)  The Court should not entertain this request, as

there is no reason to believe, especially in the absence of a motion to amend or

proposed amended complaint, that any amended complaint could withstand

Defendant's alternative basis for dismissal.  Specifically, the Court is still at a loss

to determine how Washtenaw County could possibly be held liable for a § 1983

claim based on any allegations in the minimalistic complaint.  Plaintiff suggests

that his complaint meets the standard of Rule 12(b)(6) because "[t]he recent FOIA

denial by Washtenaw County  . . . suggest the Sheriff holds relevant records,

implying their involvement."  (ECF No. 39, Page.126.)  Plaintiff further argues that

his *pro se* status mandates liberal construction of his complaint.

But the Court can only go so far in the exercise of liberally construing

Plaintiff's *pro se* pleadings.  *See Haines v. Kerner*, 404 U.S. 519, 520 (1972).

Even in pleadings drafted by *pro se* parties, "'courts should not have to guess at the

nature of the claim asserted.'"  *Frengler v. Gen. Motors*, 482 F. App'x 975, 976-77

(6th Cir. 2012) (quoting *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989)).

8

Moreover, "courts may not rewrite a complaint to include claims that were never presented . . . nor may courts construct the Plaintiff's legal arguments for him . . . . [N]either may the Court 'conjure up unpled allegations[.]'" *Rogers v. Detroit Police Dept.*, 595 F.Supp.2d 757, 766 (E.D. Mich. 2009) (Ludington, J., *adopting report and recommendation of* Binder, M.J.).  Furthermore, the Court has "no obligation to act as counsel or paralegal to *pro se* litigants." *Pliler v. Ford*, 542 U.S. 225, 231 (2004).  In the end, a plaintiff is "the master of his complaint," and thus, the Court looks to the pleadings to define his claims. *Roddy v. Grand Trunk W. R.R., Inc.*, 395 F.3d 318, 322 (6th Cir. 2005).

Here, Plaintiff's complaint does not state a claim. Even if the Court were to consider the allegations raised in his response brief, the added factual assertion that Washtenaw County denied a FOIA request does not add any meat to the bare-bones complaint.  There is no indication, by allegation or inference, that Washtenaw County was responsible for any deprivation of Plaintiff's 2nd Amendment Right.  Plaintiff's arguments in his response should be rejected.[1]

---

[1] On July 22, 2025, Plaintiff filed a document directly on the docket of this Court that appeared to be a draft Order signed by Judge Goldsmith.  (ECF No. 46.)  The purported order, among other things, "granted" Defendant's motion to dismiss without prejudice and allowed Plaintiff thirty days to file an amended complaint correcting the deficiencies noted therein.  The purported order also "certified" the case to the Sixth Circuit "for mandatory drug tests for interlocutory appeal" with a "recommendation for Supreme Court review." (ECF No. 46, PageID.160.)  The document is utter nonsense, and should never have been filed on the docket of the Court. The "order" was later amended by Plaintiff, twice, (ECF Nos. 47 & 48), for

### D.      Conclusion and Recommendation

For the reasons stated above, the Court should **GRANT** Defendants' motion

to dismiss (ECF No. 14.).[2]

## III.  ORDER ON PENDING MOTIONS

After Defendant filed its motion to dismiss, Plaintiff inundated the Court

with a barrage of frivolous motions seeking to strike Defendant's motion to

dismiss, enter a default judgment, obtain reconsideration of a purely ministerial

order requiring a response to the motion to dismiss, and then amending previous

motions seeking identical relief.  (*See* ECF Nos. 22, 24, 25, 26, 30, 32, 33, 34, 35,

37.)  None of these motions have any merit to them.

Briefly, the Court finds Defendant's motion to dismiss to be timely, and thus

Plaintiff is not entitled to a default judgment. Importantly, even if Defendant's

---

Plaintiff to clarify that the "mock order was not an official court ruling but a
hypothetical exercise to evaluate possible judicial responses to the Plaintiff's
claims, including his allegations of harassment by radio frequency (RF) and
microwave transmissions, hacking, violations of his Second Amendment rights
under 18 U.S.C. § 922(g)(3), and related legal arguments." (ECF No. 47,
PageID.162.)  In the amendments, Plaintiff expresses his "intent" to continue
litigating this case. (ECF Nos. 47 & 48.)   While the Court was initially inclined to
strike the document, and the subsequent "amendments," the Court will allow them
to stand for a complete record of the Plaintiff's misuse of the *pro se* portal on
CM/ECF.  **Plaintiff is prohibited from filing any documents on the docket
other than those allowed under the local rules.**

[2] Because the case is demonstrably subject to dismissal for the two reasons set
forth above, the Court need not address Defendant's alternative argument in favor
of  dismissal, based on the merits of Plaintiff's Second Amendment Claim.

motion to dismiss were late, I would still recommend dismissal under 28 U.S.C. §

1915(e)(2)(B).  Complaints by non-prisoners should be screened under 28 U.S.C. §

1915(e)(2)(B).  *See In re Prison Litig. Reform Act*, 105 F.3d 1131, 1134 (6th Cir.

1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to the

screening process required by § 1915A.  However, the district court must still

screen the complaint under § 1915(e)(2).").  *See also Dillard v. Michigan*, No.

1:21-CV-11257, 2022 WL 125523, at *2 (E.D. Mich. Jan. 12, 2022) (Ludington,

J.) (*quoting In re Prison Litig. Reform Act*).  In pertinent part, the *in forma*

*pauperis* statute directs the Court to "dismiss the case at any time if the court

determines" that it "is frivolous or malicious," "fails to state a claim on which

relief may be granted," or "seeks monetary relief against a defendant who is

immune from such relief."  28 U.S.C. § 1915(e)(2)(B).

Moreover, the Court will not strike Defendant's motion to dismiss as

counsel certified its service on Plaintiff and as Plaintiff was demonstrably in

possession of the motion, having filed a response to it.  Likewise the motion for

extension of time to file a response brief is now moot.

Accordingly, all of Plaintiff's pending motions (ECF Nos. 22, 24, 25, 26, 30,

32, 33, 34, 35, 37) are without merit and are hereby **DENIED.** [3]

---

[3] The attention of the parties is drawn to Fed. R. Civ. P. 72(a), which provides a
period of fourteen (14) days after being served with a copy of this order within

## V.  PROCEDURE ON OBJECTIONS TO REPORT AND RECOMMENDATION

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections,

---

which to file objections for consideration by the district judge under 28 U.S.C. § 636(b)(1).

in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," *etc.* If the Court determines that any objections are without merit, it may rule without awaiting the response.

**IT IS SO ORDERED.**

Dated:  July 31, 2025

_____
Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE