UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RICHARD ALLEN SMITH, SR.,

       Plaintiff,                          Case No. 25-cv-10568

v.                                                HON. MARK A. GOLDSMITH

WASHTENAW COUNTY SHERIFF'S
DEPARTMENT,

       Defendant.
_____/

**OPINION & ORDER**
**(1) ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
**(Dkt. 50) AND (2) GRANTING DEFENDANT'S MOTION TO DISMISS (Dkt. 14)**

The matter before the Court is the Report and Recommendation (R&R) of Magistrate Judge Anthony P. Patti, issued on July 31, 2025 (Dkt. 50). In the R&R, the magistrate judge recommends that the Court grant the motion to dismiss filed by Defendant Washtenaw County Sheriff's Department (Dkt. 14). Plaintiff Michael Richard Allen Smith, Sr., filed a timely objection to the R&R (Dkt. 51).[1] For the reasons that follow, the Court (i) adopts the R&R and (ii) grants the motion to dismiss (Dkts. 14).[2]

## I. BACKGROUND

The full relevant factual background is set forth in the magistrate judge's R&R. See R&R at 1–3. Smith's claims stem from a failed attempt to purchase a firearm in Genessee County. He claims that he submitted fingerprints to the Federal Bureau of Investigation and was denied a

---

[1] Defendnant did not respond to the objection.

[2] Because oral argument will not aid the Court's decisional process, the motions will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).

1

firearm due to his "Medical [Marijuana] Licensee," which had expired the month prior to the attempted firearm purchase. Compl. at PageID.4 (Dkt. 1). Despite the fact that the attempted purchase occurred in Genesee County, Smith blames the Washtenaw County Sheriff's Department for the "false denial," and brought suit against it. Id.

The Washtenaw County Sheriff's Department filed a motion to dismiss, arguing both that it is entitled to absolute immunity, that Smith's allegations are totally unrelated to it, and that federal law prohibited Smith from purchasing a firearm. The magistrate judge agreed on all grounds and recommended that the Court grant the motion to dismiss.

Smith filed four objections. For the reasons that follow, the Court adopts the R&R.

## II. ANALYSIS

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.") (punctuation modified).

### A.     First Objection

Smith's first objection is that the magistrate judge erred in "Finding the Complaint Fails to State a Claim Under Fed. R. Civ. P. 12(b)(6)." Obj. at 1. In particular, he takes issue with the magistrate judge's finding that Smith fails to state a claim because he has not made "sufficient factual allegations linking the Washtenaw County Sheriff's Department to the firearm purchase denial in Genessee County on October 23, 2024." Id. at 2. Smith argues that the fact that Washtenaw County denied his subsequent Freedom of Information Act (FOIA) request is sufficient to link it to the failed transaction. Id. But this does nothing to bolster his bare-bones

2

complaint. There is no indication, by allegation or inference, that Washtenaw County was responsible for any deprivation of Plaintiff's Second Amendment right.

Smith's second objection is that the magistrate judge erred by recommending that his request for leave to amend his complaint be denied. Id. Smith suggests that if granted leave to amend, he could name Washtenaw County rather than the sheriff's department in the amended complaint. See id. The Court is unpersuaded by this objection because Smith supplies no reason why a complaint against Washtenaw County would fare any better than his current one.

Smith's third objection is that the magistrate judge erred by denying several of his motions (Dkts. 22, 24, 25, 26, 30, 32, 33, 34, 35, 37), including those indirectly related to his FOIA appeal, without addressing the Sheriff's Department's failure to respond to his FOIA appeal. Id. He asserts that the Court should compel a FOIA response to allow Smith to obtain records and amend his complaint, rather than dismiss the case. Id. at 3. The Court overrules this objection. As stated above, Smith has not indicated how a FOIA request sent to the Washtenaw County Sheriff's Department would produce any information relating to a failed firearm transaction in Genessee County.

Finally, Smith's fourth and final objection is that the magistrate judge erred by denying his motions for default (Dkts. 17, 18, 22, 32) and by finding Defendant's motion to dismiss timely. Id. He reasons that Defendant was served on June 3, 2025, making Defendant's answer due on June 24, 2025, but Defendant's motion was not filed until June 25, 2025. The magistrate judge found that the motion to dismiss was timely, and explained that even if the motion was late, the case should still be dismissed under 28 U.S.C. § 1915(e)(2)(B). R&R at 10–11. The Court agrees, as the statute states that a court can "dismiss the case at any time if the court determines" that it "is frivolous and malicious," "fails to state a claim on which relief can be granted," or "seeks

monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As stated above, Smith has not stated a claim on which relief can be granted.

The Court finds that Smith's objections are unpersuasive and adopts the magistrate judge's recommendation.

### III. CONCLUSION

For the reasons stated above, the Court: (i) adopts the recommendation in the R&R, and (ii) grants Defendant's motion to dismiss (Dkt. 14).

**SO ORDERED.**

Dated: November 13, 2025  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First-Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 13, 2025.

s/Joseph Heacox  
JOSEPH HEACOX  
Case Manager